No. 43,564

J. P. Gendusa, *Appellee*, v. Mid-Continent Telecasting, Inc., a corporation, *Appellant*.

(397 P. 2d 338)

Opinion filed December 12, 1964.

*H. Gordon Angwin*, of Pittsburg, argued the cause, and *John B. Towner*, of Pittsburg, was with him on the briefs for the appellant.

*Joe Henbest*, of Columbus, argued the cause, and *J. P. Tonkoff*, of Yakima, Washington, was with him on the brief for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the trial court's orders overruling (1) defendant's demurrer (2) defendant's motion to make definite and certain (3) defendant's second motion to make definite and certain and (4) defendant's motion to strike.

In brief, the amended petition (hereinafter referred to as the petition) alleged that about 5:40 p. m. on February 19, 1962, for the purpose of ruining plaintiff's reputation as a citizen and in his professional capacity, and exposing plaintiff to public hatred, contempt, ridicule and obloquy, defendant maliciously publicized on its telecasting facilities certain false and untrue material which was known by defendant to be false and untrue as follows:

"J. P. Gendusa has, for years been getting as special assistant county attorney for Crawford County—there is no law under which he can so be appointed—but the County Commissioners pay him $308.00 per month he is now receiving, and allowing and illegal claim against the County, and this is a duty for the County Attorney. The County Commissioners who voted for Gendusa's appointment are subject to prosecution for an unlawful claim against the County."

The petition further substantially alleged that by reason of the publication of the above material plaintiff was deprived of public confidence, subjected to embarrassment, humiliation, mental agony

and anxiety, and has been held in contempt, calumny and ridicule.

On May 18, 1962, defendant moved to make the petition definite and certain by stating who made the alleged defamatory statements on its broadcasting facilities, and whether such person was the owner or operator, or agent or employee of the owner and operator. The trial court overruled this motion on May 28, 1962.

On July 12, 1962, defendant withdrew a demurrer which it had filed on June 4, 1962, and on the same date, with permission of the trial court, it filed a second motion to make definite and certain reading in pertinent part as follows:

"1. To state what position Plaintiff held as officer or employee of Crawford County, Kansas, on the 19th day of February, 1962, and his duties as such officer or employee.

"2. To state what monthly salary he received as officer or employee of Crawford County, Kansas, as of the 19th day of February, 1962, if he was an officer or employee of Crawford County, Kansas, on said date."

The foregoing motion was overruled by the trial court on July 18, 1962, and defendant was allowed to introduce a certified copy of the Crawford county pay roll covering the period from May 1, 1960, to January 2, 1962.

Defendant thereafter appealed from the orders of the trial court as above set out.

In support of its first motion to make definite and certain, defendant in this case, as it did in *Kennedy v. Mid-Continent Telecasting, Inc.*, 193 Kan. 544, 548-549, 394 P. 2d 400, sets out and relies on certain provisions of G. S. 1961 Supp., 60-746a as follows:

" 'The owner, licensee or operator of a visual or sound radio broadcasting station or network of stations, and the agents or employees of any owner, licensee or operator, shall not be liable for any damages for any defamatory statement or matter published or uttered in or as a part of a visual or sound radio broadcast, by one other than such owner, licensee or operator, or agent or employee thereof, unless it shall be alleged and proved by the complaining party, that such owner, licensee, operator or such agent or employee, has failed to exercise due care to prevent the publication or utterance of such statement or matter in such broadcast: . . .' " (p. 548.)

A mere cursory reading of the above statute might lead one to believe it could be applicable to this situation but when carefully read and thoroughly considered, the statute, as it was in the Kennedy case, *supra,* must be held to be inapplicable. Therefore, the trial court did not err in overruling the first motion to make definite and certain directed to the petition. In connection with the second motion to make definite and certain, heretofore set out,

the ruling of the trial court, in permitting the certified copy of the county pay roll to be offered and admitted, was proper on such a motion since the court did not make such record a part of the petition. Consequently, the only matters that could have been considered by the trial court in ruling on defendant's demurrer to plaintiff's petition, and, in turn, the only matters to be considered by this court on appellate review are those which appear on the face of the petition and the exhibits attached thereto and made a part thereof. In other words, evidentiary matters, such as the certified copy here involved, are not to be considered as part of a pleading when such pleading is attacked by demurrer.

We do not know what the proof will show and we are not passing on the sufficiency thereof.

Defendant's motion to strike directed to the original petition and overruled by the trial court is mentioned in its notice of appeal, but this record does not reflect that after plaintiff filed his amended petition, such motion to strike was refiled or to be considered as an attack on the amended petition. In view of this we do not deem it necessary to discuss the motion to strike.

The questions urged herein are basically similar to those raised and fully answered in the Kennedy case, *supra*, and it is unnecessary to repeat them.

We conclude the trial court did not err in respect to any of the errors complained of, and further, that defendant has failed to make it affirmatively appear its substantial rights have been prejudicially affected.

Judgment affirmed.